IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JAMES M. SHEA, | ) | Cause No. CV 12-121-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD, Warden, | ) | |
| Montana State Prison; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On September 17, 2012, Petitioner James M. Shea filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Shea is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court." *Id.*

## II. Analysis

Shea was convicted in 2009 of driving under the influence of alcohol ("DUI"). Because the trial court found it was his fourth offense, the conviction acquired felony status. Based on other facts not at issue here, Shea was also designated a persistent felony offender, which increased the maximum available penalty from five years to 100 years. Mont. Code Ann. § 46-18-502(1) (2011). On October 1, 2009, he was sentenced to serve eight years in prison, with three years suspended. Pet. (doc. 1) at 2 ¶¶ 1-4.

Shea attempts in several ways to show that he was convicted of driving with excessive blood-alcohol concentration ("BAC"), not DUI, in 1990. Unlike DUI convictions, any BAC conviction incurred before October 1, 1995, was expunged, unless the offender received another BAC conviction within five years. Shea states that he only received one BAC conviction. Consequently, if he is correct, his BAC conviction was expunged on October 25, 1995. That would leave two DUI convictions in 1994. His 2009 DUI conviction would be the third occasion he was convicted of DUI, and he would be actually innocent of felony DUI. For that reason, time bars and procedural bars will not be considered, *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); *Schlup v. Delo*, 513 U.S. 298, 315 (1995), and his

2

claims will be addressed on the merits and *de novo*.

A federal habeas petitioner is not entitled to relief based solely on a violation of state law. *Wilson v. Corcoran*, __ U.S. __, 131 S. Ct. 13, 16 (2010) (per curiam); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). If the Montana courts arbitrarily deprived Shea of something to which he was clearly entitled under state law, and if Shea's sentence was thereby rendered fundamentally unfair, then he may claim a violation of his federal right to due process. *E.g.*, *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000); *Walker v. Deeds*, 50 F.3d 670, 673 (9th Cir. 1995); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). But Shea's attempts to characterize his 1990 conviction as a BAC conviction are defeated by the ticket and court minutes he submitted as page 70 of 178 pages of exhibits. For ease of reference, that page is attached to this document as an exhibit.

The ticket, issued October 25, 1990, at 1:41 a.m., charges that Shea "operated a motor vehicle while under the influence of an alcoholic beverage." It cites Mont. Code Ann. § 61-8-401 (1989). It directs Shea to appear in Missoula's Municipal Court at 10:00 a.m. the same day. The "Court Minutes" show that Shea appeared the same day and "entered a plea of," followed by a handwritten notation of "Guilty found G." Below that are handwritten notations of "60 d 24 susp – 30 days 24 –>," "250-," "10 s/c," and "ACT." A line encompasses all these things, with the notation "90

days." There are also notations that Shea "completed ACT 1-11-91," served jail time on November 12, 1990, paid $90.00 on January 23, 1991, paid a surcharge on January 23, 1991, and paid $160.00 on January 29, 1991. *See* Mem. Ex. (doc. 1-2 at 70) (certified Aug. 6, 2010); *see also* Mem. Ex. E (doc. 1-2 at 11) (cover letter provided with copy of ticket and disposition), *cited in* Mem. at 4 (doc. 1 at 13).

At the time of Shea's offense, the authorized punishment for a first DUI offense was "imprisonment in the county jail for not less than 24 consecutive hours or more than 60 days" and a fine between $100 and $500. The 24-hour period of jail time was mandatory "unless the judge finds that the imposition of the imprisonment sentence will pose a risk to the defendant's physical or mental well-being." Mont. Code Ann. § 61-8-714(1) (1989). By contrast, the authorized punishment for a first BAC offense was "imprisonment for not more than 10 days," *id.* § -722(1), and a fine of $100 to $500, *id. See also* Mont. Code Ann. §§ 61-8-714(4), 722(5) (requiring completion of alcohol information course on conviction of either offense), -711(4) (authorizing imposition of court costs on violation of any provision of Title 61 chapter 8).

Reading the court minutes in light of the controlling law at the time, the most reasonable interpretation is that Shea was sentenced to serve 30 days in jail, with 24 hours to be served consecutively ("–>," in a row). A $250.00 fine was imposed, along with a $10.00 surcharge – that is, a fee covering court costs – and Shea was ordered

4

to complete an alcohol education course called "ACT." All penalties had to be discharged within 90 days. Most likely, the 30-day portion of the jail term was suspended on condition that Shea pay the fine and surcharge and complete the alcohol information course within 90 days, and Shea served the 24 hours in jail on November 12, 1990. Alternatively, perhaps Shea began serving thirty days, including 24 consecutive hours, on November 12, 1990. Either way, the minutes are compelling evidence that Shea was convicted of DUI. Otherwise, they would not even refer to periods of 60 or 30 days, because the maximum for a BAC offense was only ten days.

Shea also attempts to claim that his 1994 DUI convictions were expunged. They were not. No DUI conviction incurred after October 1, 1989, is ever expunged. *See* Mont. Code Ann. § 61-8-714 (1989); 1989 Mont. Laws ch. 476 § 2. *See also State v. Reams,* 945 P.2d 52, 57 (1997). For purposes of determining whether a DUI offense is an offender's fourth, "all previous convictions must be used." Mont. Code Ann. § 61-8-734(1)(b) (2007).

All of Shea's claims should be denied because he was convicted of one DUI in 1990 and two more in 1994. His August 2009 offense was his fourth offense and therefore a felony. *Id.* § -731(1).

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

5

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Shea incurred three DUI convictions before he incurred his fourth in August 2009. The 2009 conviction was indeed a felony offense. There was no violation of Montana law. *A fortiori*, Shea was not arbitrarily deprived of anything to which state law entitled him, nor was there any fundamental unfairness. Shea does not show that he was deprived of a constitutional right. There is no reason to encourage further proceedings. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

**ORDER**

The Clerk of Court shall attach as an exhibit to this document page 70 of the exhibits to the petition (doc. 1-2).

**RECOMMENDATION**

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Shea may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Shea files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Shea from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Shea must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 3rd day of January, 2013.

                                        /s/ *Carolyn S. Ostby*
                                        United States Magistrate Judge